```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GARNETT JOHNSON,

                        Petitioner,
                                              MEMORANDUM & ORDER
            -against-                         10-CV-2794(JS)

UNITED STATES OF AMERICA,

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Garnett Johnson, pro se
                    Gilmer Federal Correction Center
                    Inmate Mail/Parcels
                    P.O. Box 6000
                    Glenville, WV 26351

For Respondent:     Charles N. Rose, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

      Garnett Johnson ("Petitioner") petitions this Court pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence.[1] For the following reasons, his Petition is DENIED.

---

[1] The Clerk of the Court originally and improperly construed the Petition as one seeking relief pursuant to 28 U.S.C. § 2255. (See Civil Cover Sheet, Docket Entry 1-2; see also Order to Show Cause, Docket Entry 6.) However, Petitioner clarified in his Reply Memorandum that he was actually seeking relief pursuant to 28 U.S.C. § 2241. (Pet. Reply, Docket Entry 17, at 4.) The Court agrees that this motion is appropriately brought under Section 2241, see Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241 . . . is the proper means to challenge the execution of a sentence."), and will analyze it as such.

BACKGROUND

On March 19, 1972, a Kings County Supreme Court justice sentenced Petitioner to a determinate term of seven years for criminal possession of a controlled substance. (Pet. Aff., Docket Entry 2, ¶ 4; Pet. Mem., Docket Entry 4, Ex. A.) Thereafter, on November 18, 1976, another Kings County Supreme Court justice sentenced Petitioner to an indeterminate term of one and a half to three years for attempted criminal possession of a weapon in the third degree (together with the 1972 sentence, the "Kings County Sentences"). (Pet. Mem. Ex. D; Pet. Aff. ¶ 4.)

On May 11, 1978, Petitioner was convicted by a jury in the Eastern District of New York of conspiracy to distribute and possess with intent to distribute heroin (Pet. Mem. Ex. B), and on July 21, 1978, Judge Jacob Mishler sentenced Petitioner to a prison term of fifteen years to run consecutive to the Kings County Sentences and fined him in the amount of $25,000.00 (the "Federal Sentence"). (Pet. Mem. Exs. A, B.)[2]

On February 9, 1979, after Petitioner pled guilty to manslaughter in the first degree, a Queens County Supreme Court justice sentenced Petitioner to an indeterminate term of five to ten years to run concurrent to "any sentence that th[e] defendant

---

[2] Judge Mishler also sentenced Petitioner to a special parole term of fifteen years (Pet. Mem. Ex. A, B); however, the special parole term was vacated by Judge Jack W. Weinstein on September 30, 1982 (Pet. Mem. Ex. C).

2

[wa]s presently serving" (the "Queens County Sentence"). (Pet. Mem. Ex. E; Gov't Opp., Docket Entry 11, at 2.) Then, on April 12, 1979, a Westchester County Supreme Court justice sentenced Petitioner to an indeterminate term of twenty-five years to life for kidnapping in the first degree, twelve-and-a-half to twenty-five years for robbery in the first degree, three-and-a-half to seven years for assault in the second degree, and twelve-and-a-half to twenty-five years for burglary in the first degree to run concurrently (the "Westchester County Sentence"). (Pet. Aff. ¶ 6; Gov't Opp. Ex. 1.) The Westchester County Sentence was to run consecutive to the Federal Sentence. (Gov't Opp. Ex. 1.)

Petitioner was not transferred to federal custody upon the completion of his Kings County Sentences and, instead remained in state custody to finish out his Queens and Westchester County Sentences until May 10, 2010.[3] (Pet. Aff. ¶ 7; Gov't Opp. 2.) On June 2, 2010, after being taken into federal custody, Petitioner filed the pending motion, challenging the order in which his

---

[3] In the interim, on or around February 17, 2003, Petitioner wrote to the "Inmate Records Coordinator" in the state facility in which he was confined asking "if the Federal Bureau of Prisons or any other Federal agency, has ever requested custody of [him] or requested that the State relinquish custody of him, during the past fourteen (14) years." (Pet. Mem. Ex. F.) Petitioner received a response on or around February 18, 2003, stating that "[a] review of [his] file was done. There is nothing indicating a request for custody from any federal agency. There is a federal detainer on file. You will be turned over to their custody upon your earliest release date." (Pet. Mem. Ex. F.)

3

sentences were being executed and seeking his immediate release or, in the alternative, a credit towards his federal sentence for the time he had served in state custody after completing the Kings County Sentences.

DISCUSSION

The Government argues that Petitioner is procedurally barred from seeking the requested relief because he failed to exhaust his administrative remedies. The Court agrees.

"The Bureau of Prisons ['BOP'], and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody." United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998). "Accordingly, the district court ha[s] no authority to require the BOP to credit [a defendant] with the time he spent in state custody." United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997); see also United States v. Whaley, 148 F.3d 205, 206 (2d Cir. 1998). Petitioners may, however, "seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies." Whaley, 148 F.3d at 207; see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). A petitioner's failure to exhaust administrative remedies will be excused only upon a showing of cause and prejudice--i.e., when "legitimate circumstances beyond the prisoner's control

4

preclude him from fully pursuing his administrative remedies." Carmona, 243 F.3d at 634.

Here, Petitioner admits that he has made no attempt to exhaust his administrative remedies and argues that the exhaustion requirement should be excused because: (1) "it would be a complete waste of time and resources as the Federal Bureau of Prison [sic] has absolutely nothing to do with the manner in which Mr. Johnson's sentence was imposed, or the manner in which it was to be served along with his previously imposed state of New York sentences" (Pet. Reply 5) and (2) "[h]ad [he] pursued the administrative remedy process . . . he would have suffered a greater infringement of his civil liberty interest rights, and the increased loss of his precious freedom" (Pet. Reply 6). Neither argument constitutes "cause and prejudice" sufficient to excuse the exhaustion requirement.

<u>First</u>, Petitioner is incorrect that BOP "had nothing to do" with the execution of his sentence, as "[a]fter a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence;' whether the defendant should receive credit for time spent in custody before the sentence 'commenced;' and whether the defendant should be awarded credit for 'good time.'" <u>Pineyro</u>, 112 F.3d at 45 (quoting 18 U.S.C. §§ 3585(a)-(b), 3624(a)). <u>Second</u>, Petitioner's belief that he may be entitled to immediate release from prison "does not vitiate the

5

requirement that he exhaust his administrative remedies." Gonzalez v. Perrill, 919 F.2d 1, 2 (2d Cir. 1990) ("It may well be that petitioner deserves immediate release from incarceration. That determination, however, must first be made at the administrative level."). The Court has reviewed the record in this case and did not find any other "cause of prejudice" justifying excusal of exhaustion here; accordingly, the Petition must be DENIED.

CONCLUSION

For the foregoing reasons, Petitioner's application is DENIED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 3, 2013
       Central Islip, NY

6